## CITY OF LINTON v. SMITH.

[No. 4,555.    Filed October 28, 1903.]

MUNICIPAL CORPORATIONS.—*Defective Streets.—Notice.—Proof.*—An averment in a complaint against a city for personal injuries sustained because of a defect in a sidewalk, that defendant had notice of the dangerous condition of the sidewalk for a long time prior to the date of the accident, was sufficient, and proof of actual notice by the city of such defect was not necessary. *p. 547.*

NEW TRIAL.—*Newly Discovered Evidence.—Cumulative Evidence.*—A new trial will not be granted on account of newly discovered evidence which is cumulative. *p. 547.*

From Greene Circuit Court; *O. B. Harris*, Judge.

Action by Mary Smith against the city of Linton. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*D. W. McIntosh* and *C. E. Davis*, for appellant.

ROBY, J.—Appellee recovered judgment for $410. Appellant's demurrer to the complaint was overruled, as was its motion for a new trial. The complaint was in one paragraph, "the gist of which is that appellant, a municipal corporation, was guilty of negligently permitting its sidewalks to be and remain out of repair, and on which sidewalk appellee stumbled, fell, and was injured."

It is averred that the appellant had notice of the dangerous condition of the sidewalk for a long time prior to the date of the accident. This was a sufficient averment. Notice is not a conclusion, but an ultimate fact. *Chicago, etc., R. Co.* v. *Fry,* 131 Ind. 319, 325; *Locke* v. *Merchants Nat. Bank,* 66 Ind. 353.

It is not necessary to prove actual notice of such defect by the city. *Lyon* v. *City of Logansport,* 9 Ind. App. 21, 27; *Turner* v. *City of Indianapolis,* 96 Ind. 51, 59.

The instructions given by the court include a number of inaccurate expressions, but in their entirety they contain a correct statement of the law, which is all that is required. *Citizens St. R. Co.* v. *Hamer,* 29 Ind. App. 426.

There is no question but that appellee was injured on account of being "up dumped" by a loose board upon a part of the street surface. It is inferable that the board was rotten. The extent of her injury is not so clear. The case was twice tried, one jury disagreeing.

One reason for a new trial stated is newly discovered evidence. The affidavit supporting the motion shows that the proposed evidence tends to prove that the plaintiff, after her alleged injury, used her arm in a manner inconsistent with her claim of injury. Other evidence to the same effect was introduced on the trial, and a new trial will not be granted on account of newly discovered evidence which is cumulative.

It not infrequently happens that in personal injury cases, those clearly entitled to redress for *bona fide* injuries overreach themselves by simulating additional ones. The extent of the injuries to appellee's shoulder is a matter of some doubt, but it is quite possible that she was hurt exactly as she says she was.

Nothing was claimed for ovarian injuries, varicose veins, or nervous shock.

The verdict is not regarded as excessive. Judgment affirmed.