GEORGE C. CARSON, APPELLEE, v. CITY OF HASTINGS, APPELLANT.

FILED MAY 21, 1908.   No. 15,213.

1. **Pleading:** DEMURRER. In passing on a demurrer to a petition, the court will consider an exhibit attached thereto and made a part thereof, if the allegations stated therein either aid the petition in stating a cause of action or charge facts going to avoid liability on the part of the defendant.

2. **Cities: INJURIES: NOTICE.** It is no sufficient objection to the notice required to be given a city of from 5,000 to 25,000 inhabitants of an injury received by a plaintiff in consequence of the defective and dangerous condition of a street of the city that it also contains a claim for damage for the injury.

3. ———: NOTICE. The sufficiency of such a notice in pointing out the place where the injury was received is to be determined, not alone from the wording of the notice, but in the light of extraneous evidence of the situation and surroundings.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*W. F. Button,* for appellant.

*John C. Stevens, contra.*

DUFFIE, C.

The plaintiff was injured by falling into an open and unguarded cellar-way located on Lincoln avenue in the city of Hastings, Nebraska. In an action brought against the city to recover for his injuries he alleges notice to the city of the time when, and the place where, the injury occurred, in the following language: "This plaintiff further alleges that within 30 days of the injury complained of herein he gave to the clerk of the city of Hastings, Nebraska, a written notice, setting forth the injury complained of, with a statement of the nature and extent thereof, and of the time when, and the place where, said accident occurred, which statement and notice was received by the clerk of the city of Hastings, Nebraska, the defendant herein; that a copy of the notice left with and served on the city clerk as above set forth is hereto attached and marked 'Exhibit A,' and the same is hereby made a part of this petition as fully as though it were set out herein verbatim." The notice, omitting the verification attached thereto, is as follows: "Claim of George C. Carson against the City of Hastings. State of Nebraska, Adams County, ss: George C. Carson, being duly

sworn, deposes and says that he is now, and has been upwards of 17 years, a resident and citizen of the city of Hastings, Adams county, Nebraska; that on the 10th day of December, 1904, while returning to his residence from his place of business, he was injured because of an excavation permitted to exist on a street of the city of Hastings, designated and known as Lincoln avenue; that said avenue is a public thoroughfare located in said city and maintained by said city, and that claimant was thereby induced to pass over the same, believing that there was no danger in so doing; that the city was negligent in this, that it permitted the owner of the building adjacent to the street to maintain an open cellar-way, into which, because of the darkness of the night and the absence of light, claimant fell, and was injured as hereinafter set forth; that claimant's face was badly bruised, his eyes and nose injured; that the injury to claimant's nose is, in his opinion, of permanent character; that he received injuries, because of the fall, to his head and back, which claimant believes to be permanent; that, because of said injury, claimant has been unable to follow his vocation up to the present time, and believes that he will be unable to obtain a position similar to the one he occupied, and the only one in which he is skilled to discharge the duties thereof; that claimant, prior to said injury, was receiving $12 a week for his services; that, because of his injuries received as above set forth, and the permanent character thereof and loss of time, claimant is damaged in the sum of $5,000. George C. Carson, By John C. Stevens, his Atty." A general demurrer was interposed to the petition, which was overruled by the court; whereupon the city filed an answer, and a trial to the jury resulted in a verdict for the plaintiff. Defendant has appealed.

Section 8538, Ann. St. 1907, in force at the time of plaintiff's injury, provides: "No city shall be liable for damages arising from defective streets, alleys, sidewalks, * * * within such city, unless actual notice in writing

of the accident or injury complained of, with the statement of the nature and extent thereof, and of the time when and the place where the same occurred shall be proved to have been given to the mayor or city clerk within thirty (30) days after the occurrence of such accident or injury." In *Schmidt v. City of Fremont*, 70 Neb. 577, we held that physical incapacity on the part of the injured party did not excuse giving the notice required by this statute, and that in the absence of the notice no recovery against the city could be had. The reasoning upon which this holding is based need not be repeated here, and we need only inquire whether the paper attached to plaintiff's petition as exhibit A, and referred to as the notice given the city, is sufficient to comply with the requirements of the statute.

The plaintiff insists that he was only required to allege in his petition that written notice of the time and place where the accident occurred was given the city, and that no copy of such notice was required to be attached to his petition, and that because of this the court should disregard the exhibit attached, and should dispose of the case as though the form and contents of the notice had not been referred to in his petition. In *Pefley v. Johnson*, 30 Neb. 529, it is said: "The facts on which a plaintiff bases his right to recover should be stated in a systematic and orderly manner, and not by making a mere exhibit a part of the petition. An exhibit, however, if made a part of a petition, is to be considered, and if the facts therein stated, in connection with those in the petition proper, show a liability of the defendant to the plaintiff, a demurrer that the facts stated therein are not sufficient cannot be sustained." This holding was approvingly quoted in *Hudelson v. First Nat. Bank*, 51 Neb. 557. These cases establish the rule that the statements contained in an exhibit attached to a pleading must be considered in connection with the allegations of the pleadings to which it is attached in determining its legal sufficiency, and, while the plaintiff was not required to attach to his

petition the form of notice given the city, having done so, we cannot ignore it.

The first objection made to the notice given the city is that in form and substance it is clearly a claim against the city for damages for a personal injury, and not the notice contemplated by the statute. In *Barribeau v. City of Detroit*, 147 Mich. 119, cited by the defendant to another point, the notice given by the plaintiff to the city of Detroit also contained a claim for damages and an offer of settlement; but the supreme court of Michigan did not hesitate to accept this as an attempt to give the statutory notice required to be given the city as a basis for maintaining an action, and held it insufficient only on the ground that the place of the accident was not sufficiently described. We can see no objection to the same paper performing the dual duty of notice to the city and a claim for damages for a personal injury sustained.

The main objection urged against this notice is that it does not specifically point out the place where the accident occurred. In the absence of an authoritative decision of the requirements of our statutes, we would be disposed to hold that the notice given the city should describe the place of the accident with such technical accuracy that the court as a matter of law, when the notice is offered in evidence, could say that it was legally sufficient, or that it was so indefinite in the matter of description that it should not be allowed in evidence. This was apparently the conclusion arrived at by the supreme court of Michigan in *Barribeau v. City of Detroit, supra.* In the body of the opinion in that case it is said: "But to be legally sufficient, a notice must contain a description of the place of accident so definite as to enable the interested parties to identify it from the notice itself." In *City of Lincoln v. O'Brien*, 56 Neb. 761, the notice given the city describing the time and place of the accident was as follows: "That on or about the 6th day of October, 1894, this affiant was passing on and over the sidewalk on the north side of Q between Eighteenth and

Twentieth streets, in said city, in the evening of said day, and stepped into a hole in said sidewalk, which was in a bad state of repair." Objection was raised to the sufficiency of the notice, in that it designates a space of two city blocks, and did not lead to any more precise location. In an extended opinion, in which numerous cases from other states were referred to and examined, the court apparently adopted the rule that the sufficiency of the notice is not to be determined from its terms alone, but in the light of extraneous evidence of the situation and surroundings. In the concluding part of the opinion it is said: "It is true that it appears that the plaintiff knew the exact location, and might have described it better in her notice. On the other hand, it is inferable from the evidence that the ruinous sidewalk was peculiar to that part of the street in front of this one lot. There is no proof that there were any holes elsewhere along the two blocks described, and we cannot presume that the city was so generally neglectful of its duty that there were other places where the sidewalk was in bad repair and contained holes which one might step into within the two blocks named. * * * Without indulging the presumption above adverted to, we must conclude that the notice thus furnished sufficient information to enable the city to identify the portion of the walk referred to, although perhaps not the particular hole. The city only claims that the notice should be so specific as to lead to identifying the lot in front of which the accident happened. From all that appears in the evidence it might here have done so." This case was cited and followed in *City of Lincoln v. Pirner*, 59 Neb. 634. The notice in that case described the place of the accident as being "In front of lot 13, in block 45, on 'P' street, in the city of Lincoln, near the west side of what is commonly known as the Carr Block." The accident actually happened in front of lot 34, eleven blocks distant from the place described in the notice. Judge SULLIVAN, in the opinion, says: "The Carr Block, according to the evidence, is a

well-known building on P street in the city of Lincoln, and the coal-hole described in the notice was near the west side of it. This being so, we cannot believe that any person possessed of ordinary powers of perception could have failed to locate the place of the accident, if he had made an honest effort so to do." These cases clearly establish the rule that the sufficiency of the notice will be determined, not alone from its wording, but in the light of extraneous evidence of the situation and surroundings.

In the case we are considering the evidence taken at the trial has not been preserved, and is not before us; the defendant relying entirely upon the wording of the notice to show its insufficiency. We have before us only the pleadings and the judgment. If the terms and the wording of the notice were alone to be examined in determining its sufficiency, we would have no hesitation in holding it fatally defective in not being more specific in pointing out the place of the accident. But the judgment of the trial court is presumably correct, and, as the evidence given on the trial must, under our former holdings, be taken into account in determining the sufficiency of the notice, we cannot as a matter of law, in the absence of the evidence, hold it insufficient.

We have no knowledge of the length of Lincoln avenue, the street on which the accident occurred. It may extend for one block only, or, if a greater distance, it may be that there was only one excavation along its whole length into which the plaintiff could have fallen. As observed in *City of Lincoln v. O'Brien, supra,* we cannot presume that the city was so grossly neglectful of its duty that there were other places where the street was in bad repair and other excavations into which the plaintiff might have fallen.

In the absence of a bill of exceptions, we can only presume that the evidence taken at the trial established facts showing that the city officials could not have been misled by the vague description of the place of the accident contained in the notice.

We recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.