# CITY OF EAST CHICAGO *v.* GILBERT.

[No. 8,480.   Filed March 3, 1915.   Modified on rehearing June 28, 1915.   Transfer denied October 14, 1915.]

1. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Complaint.—Sufficiency.*—A city owes to the public the duty to use reasonable care to keep its streets and sidewalks in a reasonably safe condition for the use of travelers; hence a complaint against a city for personal injuries caused by stepping into a hole in a sidewalk, alleging facts to show that defendant is a municipal corporation duly organized as a city, and that it negligently permitted the sidewalk to become and remain out of repair, is not open to the objection that it fails to show that the defect complained of resulted from the failure of the city to perform any duty incumbent upon it.   p. 617.

2. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Knowledge.—Complaint.*—A complaint against a city for injuries received by reason of the defective condition of a sidewalk, alleging that for more than six months prior to the injury, the sidewalk had been defective in the particular alleged, and that defendant had full and complete knowledge and notice of said defective condition of said sidewalk for six months prior to the injury, is not open to the objection that it charges knowledge only of the defective condition of the walk, and not knowledge of the hole therein which caused plaintiff's fall, in view of the fact that the general averment of the defective condition is followed by a particular description thereof including an allegation of the existence of the hole.   p. 618.

3. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Complaint.—Averments.—Construction.*—A complaint for personal injuries caused by stepping into a hole in a sidewalk, charging that defendant city negligently permitted the sidewalk to remain in such defective condition, without any light, barrier, etc., that a person traveling along the sidewalk was unable to see the hole, and that plaintiff was unable to and did not see it on account of the darkness, and "that plaintiff's injuries were caused solely by the carelessness and negligence of defendant above alleged", is not to be construed as predicating negligence upon the failure to light the street or to place lights in the vicinity of the defect, but as charging negligence with respect to the defective condition of the sidewalk, in connection with which the absence of light was an incident.   p. 619.

4. MUNICIPAL CORPORATIONS. — *Personal Injuries. — Defects in Streets and Sidewalks.—Notice of Injury.—Statutes.*—Under §8962 Burns 1914, Acts 1907 p. 249, requiring the service of notice

of injury caused by the defective condition of a street or sidewalk, the service of a proper notice upon certain designated officers of the city within the time specified is essential in order that an action for the injury may be sustained. p. 619.

5. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Notice of Injury.—Sufficiency.*—A notice served on defendant city pursuant to §8962 Burns 1914, Acts 1907 p. 249, by plaintiff who was injured by stepping into a hole in a sidewalk, setting forth that the injury occurred while plaintiff was walking on the east side of a certain street, "in front of lot 29, block 18, * * * a subdivision known as number 3353-3355 Commonwealth Avenue", was sufficient although the evidence showed that the hole was in front of lot 27, in view of the fact that the house numbers 3353-3355 were set apart for lot 27 and a house thereon bore the number 3353, and that there was no such hole in front of lot 29. pp. 619, 620, 621.

6. MUNICIPAL CORPORATIONS.—*Defective Streets and Sidewalks.—Notice of Injury.—Variance.—Review.*—In determining whether there is such a variance as to the place of injury as to preclude the admission in evidence of the notice of injury served by plaintiff on defendant city pursuant to §8962 Burns 1914, Acts 1907 p. 249, requiring notice of injury from defective streets or sidewalks as a condition precedent to maintaining an action therefor, it is proper for the court to resort to the evidence, not for the purpose of supplementing the notice or supplying deficiencies therein, but rather to apply the notice to the situation as it appears on the ground. p. 620.

7. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Streets and Sidewalks.—Notice of Injury.—Statutes.*—Section 9862 Burns 1914, Acts 1907 p. 249, is mandatory, and makes the giving of the notice therein provided for a condition precedent to a right of action for personal injuries caused by the defective condition of a street or sidewalk, and, while it is to be strictly construed in so far as it concerns the giving of the notice within the time specified and to the proper officers, a liberal construction is applied when determining whether a notice given was sufficiently definite as to the time, place, nature, etc., of the injury. p. 621.

8. APPEAL.—*Review.—Questions Not Presented.*—When the record, in an action against a city to recover for personal injuries caused by the defective condition of a sidewalk, showed that no objection referring to the subject of the injuries was interposed to the reading in evidence of the notice of injury required by §8962 Burns 1914, Acts 1907 p. 249, but that after it was read, appellant moved to strike out all testimony that had been given respecting injuries not covered by the notice, and which had been heard without objection, and it further appeared that the overruling of

such motion had not been assigned as error, and that no instruction had been requested excluding from the consideration of the jury in assessing damages the injuries claimed not to have been covered by the notice, the question of the sufficiency of such notice in its relation to the injury suffered was not presented for review. p. 624.

9. MUNICIPAL CORPORATIONS.— *Personal Injuries.— Contributory Negligence.—Burden of Proof.—*In an action for personal injuries from the defective condition of a sidewalk, defendant city has the burden of proof on the question of contributory negligence. p. 626.

10. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Contributory Negligence.—*While a sidewalk may be so defective as to preclude recovery by one on the principle of incurred risk if it appears that with knowledge of its condition he ventured thereon and was injured, yet the mere fact that one goes upon a sidewalk with knowledge of a defect therein, and is injured thereby, does not necessarily prevent a recovery for such injury. p. 626.

11. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.— Contributory Negligence.— Jury Question.—*Where the evidence disclosed that plaintiff, who was injured by reason of a hole in a sidewalk, had some prior knowledge of the existence of such hole, and it further appeared that the hole was only about twenty-two inches long and four inches wide and was situated at one side of the walk which was six feet wide, the element of knowledge was merely for the consideration of the jury on the issue of incurred risk and contributory negligence; and the additional showing that plaintiff, having such previous knowledge forgot about the existence of such defect, did not conclusively show contributory negligence. pp. 626, 628.

12. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Contributory Negligence.—Knowledge of Defect.—Forgetfulness.—*Though a defect in a sidewalk may be so portentous of peril that a person attempting to use it would be chargeable with the responsibility of keeping it in mind or otherwise be found guilty of negligence contributing to an injury received in attempting to use the walk, a defect may be of such character that a momentary forgetfulness of its existence is excusable. p. 626.

13. MUNICIPAL CORPORATIONS.—*Defective Streets and Sidewalks.— Duty to Repair.—Rights and Duties of Traveler.—*The responsibility of keeping in mind a known defect or obstruction in a street or sidewalk does not rest upon the traveler with the same degree of intensity as upon the municipality, and, while it is the duty of the latter to make reasonable inspection, and to repair defects

and remove obstructions, so as to render the way reasonably safe for travel, the former, though bound to use ordinary care, need not make a close inspection, and may presume, in the absence of knowledge or means of knowledge to the contrary, that the municipality has performed such duty. p. 628.

14. APPEAL.—*Review.—Admission of Evidence.*—Appellant can not complain of the action of the trial court in permitting certain testimony to be given on reëxamination of a witness where it appears that the subject to which the testimony related was introduced by appellant on the cross-examination. p. 630.

15. APPEAL.—*Waiver of Error.—Briefs.*—Assignments in the motion for new trial respecting the admission and exclusion of evidence are waived by the failure of appellant's brief to contain any point directed to them. p. 630.

16. APPEAL.—*Review.—Instructions.*—There is no error in the giving or refusing of instructions where it appears from the record that the jury was fully and fairly instructed. p. 630.

17. DAMAGES.—*Excessive Verdict.— Review.*— Where plaintiff, a married woman fifty-six years of age, was injured by a fall, and it was shown that, though no bones were broken, she suffered severe pain in her right knee and leg and about her body in the region of the right kidney, that she was thereby confined to her bed for ten days and to the house for several months, under the regular care of a physician, that for about six months she was required to use crutches, that while the injury to the kidney did not materially interfere with the functions of the organ, it produced constant pain and a nervous condition, that the percentage of cures of such injuries is small, that the injury to the knee was probably permanent, and that she had lost weight and was unable to do all her housework, a verdict awarding her damages in the sum of $6,000 was excessive. pp. 630, 631.

18. APPEAL.—*Review.—Excessive Damages.—Disposition of Cause.—Remittitur.*—While a determination on appeal that the damages are excessive affords ground for unconditional reversal, it does not necessitate such disposition of the cause, since, even though there is no definite standard for the measurement of the damages, the court may permit a remittitur of such amount as it may deem excessive and affirm the judgment on condition that such remittitur is made. p. 632.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Kate A. Gilbert against the City of East Chicago. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*A. Ottenheimer* and *Lincoln V. Cravens,* for appellant.
*Gavit & Hall* and *W. B. Van Horne,* for appellee.

CALDWELL, P. J.—Action by appellee to recover damages for personal injuries sustained in a fall alleged to have been caused by defects in a sidewalk in the city of East Chicago. Verdict and judgment for appellee in the sum of $6,000.

The errors assigned and not waived are the insufficiency of the complaint, the ruling on the demurrer to the complaint, and the overruling of the motion for a new trial. Appellant argues that the complaint is insufficient by reason of the following: (1) that it does not appear from the averments that the defects in the sidewalk complained of resulted from the failure of the city to perform any duty incumbent on it; (2) that the complaint does not charge appellant with knowledge, actual or constructive, of the existence of such defect for a sufficient time prior to the injury that by reasonable diligence the city might have remedied it; and (3) that the proximate cause of the injury, as disclosed by the complaint, was the absence of light upon the street and in the vicinity of the defective conditions, and that the lighting of the streets is a governmental function, upon a failure to perform which actionable negligence can not be predicated.

As to the first objection, the complaint discloses that appellant is a municipal corporation, duly organized as a city.

1. Such being the case, it owed to the public the duty to use reasonable care to keep the streets and sidewalks as a part thereof included within its limits in a reasonably safe condition for the use of travelers. It sufficiently appears from the complaint that appellant failed to perform such duty, in that it negligently permitted a certain public sidewalk in said city, extending along a certain public street therein to become and remain out of repair. The complaint is, therefore, not open to the first

objection. *Turner* v. *City of Indianapolis* (1884), 96 Ind. 51; *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *City of Evansville* v. *Behme* (1912), 49 Ind. App. 448, 97 N. E. 565; *Dooley* v. *Town of Sullivan* (1887), 112 Ind. 451, 14 N. E. 566, 2 Am. St. 209.

On the subject of the second objection, the allegations of the complaint are as follows: "That for more than six months immediately prior to the time plaintiff received her said injury, and continuing until said injuries were received, the said sidewalk had been defective, dangerous and out of repair at the point where plaintiff received her said injuries, in this: That the planks constituting the same were rotten, defective and broken, and at said time a hole had existed in said sidewalk sufficient in size to admit of a person's foot going through the same." It is averred that appellee had no knowledge of such defective condition and that "defendant had full and complete knowledge and notice of said defective condition of said sidewalk for six months prior to said injury." There are other averments to the effect that said sidewalk consisted of wooden stringers laid lengthwise and of boards placed crosswise thereon, and that such boards were about six inches from the ground; that appellee while proceeding carefully along said sidewalk stepped into said hole and was thereby thrown to the walk and injured as alleged. Appellant's argument is that it is averred that appellant had knowledge of "said defective condition" but there is no averment that it had knowledge of the existence of the hole. We can not adopt appellant's construction of the complaint. In the quoted portion of the complaint, there is a general allegation of the defective condition of the sidewalk, followed by a particular description thereof. Included in the enumeration of the particulars is an allegation of the existence of a hole in the sidewalk. We think it apparent that the allegation of appellant's knowledge relates to such general description as so particularized. *Town*

*of Elkhart* v. *Ritter* (1879), 66 Ind. 136; *Turner* v. *City of Indianapolis, supra; City of Fort Wayne* v. *DeWitt* (1874), 47 Ind. 391; *City of Huntington* v. *Lusch* (1904), 33 Ind. App. 476, 480, 70 N. E. 402; *City of Linton* v. *Smith* (1903), 31 Ind. App. 546, 68 N. E. 617; *City of Valparaiso* v. *Chester* (1911), 176 Ind. 636, 96 N. E. 765; 28 Cyc. 1469, 1470.

As to the third objection, the complaint alleges that appellant carelessly and negligently permitted the sidewalk to remain in said defective condition, without any

3. light, barrier, etc., and that a person traveling along the sidewalk was unable to see the hole, etc., and that appellee was unable to see it, and did not see it, on account of the darkness. And "that plaintiff's said injuries were caused solely by the carelessness and negligence of defendant above alleged". We do not construe the complaint as predicating negligence upon the failure to light the street or to place lights in the vicinity of the defect in the sidewalk. The negligence is respecting the condition of the sidewalk; the absence of light is an incident. It is possible for the surrounding conditions to be such as to render an act or omission negligence, when in the midst of different surroundings, it might be otherwise. "If an obstruction exists that creates an actionable nuisance, the presence of lights might render that nuisance nonactionable by disclosing it." *Shreve* v. *City of Fort Wayne* (1911), 176 Ind. 347, 350, 352, 96 N. E. 7. See, also, *City of Evansville* v. *Pifer* (1912), 51 Ind. App. 646, 100 N. E. 110. The complaint is sufficient.

In order that a claim, such as is involved here, may be sustained by suit, the statute requires that a notice in writing "containing a brief general description of

4. the time, place, cause and nature" of the injury be served on certain designated officers within a speci-

5. fied time. §8962 Burns 1914, Acts 1907 p. 249. The question of the sufficiency and accuracy of the notice,

as descriptive of the place where appellee in fact received her injury, is properly presented. As related to such element, the notice is as follows: "While walking on the wooden sidewalk on Commonwealth Ave. between Michigan Ave. and Washington St., on the northeast side of said street immediately in front of lot 29, block 18, Indiana Harbor, Indiana, a subdivision known as number 3353-3355 Commonwealth Ave., in the city of East Chicago, Lake County, Indiana, I stepped into a hole in said sidewalk * * * and was thrown * * * and fell on my right side and was injured on my right side and limb, spraining my right hip," etc. It is not contended that such notice is defective or insufficient on its face, but that measured by the real place where appellee fell, as shown by the evidence, it constitutes such a wide variance as that it was error to admit it in evidence. In determining whether there is such a variance, it is proper to resort to the evidence, not for the purpose of supplementing the notice or to supply deficiencies therein, but rather to apply the notice to the situation as it appears on the ground. *Carson* v. *City of Hastings* (1908), 81 Neb. 681, 116 N. W. 673; *Benson* v. *City of Madison* (1898), 101 Wis. 312, 77 N. W. 161; *Buchmeier* v. *City of Davenport* (1908), 138 Iowa 623, 116 N. W. 695.

The evidence shows that Commonwealth Avenue extends southeastward from Michigan Avenue one block to Washington Street, and that the building lots along the northeast side of Commonwealth Avenue are numbered from 17 to 29 inclusive, and consecutively from Michigan Avenue to said street. The lots are 50 feet wide. The place where appellee was hurt was in front of lot 27, and about 15 feet north of the north line of lot 28, and consequently about 65 feet from lot 29 described in the notice. There was a dwelling house on each of said lots, which houses bore street numbers as indicated by number

plates. On the northeast side of the street odd numbers were used, and two of such house numbers were set apart for each of such lots, so that lot 26 was numbered 3349; lot 27, 3353; lot 28, 3357 and lot 29, 3361. Under this system, there was no house numbered 3355. It will be observed that the notice described the place of injury with sufficient accuracy, if we look only to the house numbers, since such notice is to the effect that the place was in front of number 3353 Commonwealth Avenue. The sidewalk in front of lot 27 and also north of lot 25 was in bad condition. South of lot 27, it was in a better condition. In front of lot 27, the walk was uneven, by reason of boards that were settled and warped. Under the evidence, it is doubtful whether there was more than one hole in the sidewalk in front of lot 27. This was the hole in which appellee stepped. It was about three inches wide at the wide end, and about twenty-two inches long. If there was more than one hole at that point, this one in particular had attracted the attention of persons using the walk. In view of the fact that the notice stated that the accident happened in front of lot 29, taken with the other statements contained in the notice, and considering the physical surroundings, as shown by the evidence, was this notice effective? The provisions of said statute are mandatory, and the giving

7. of notice is a condition precedent to a right of action. *Touhey* v. *City of Decatur, supra.* In so far as concerns the requirement that the notice be given, and

5. within the time specified, and to the proper officers, the statute is strictly construed. *Touhey* v. *City of Decatur, supra; Peoples* v. *City of Valparaiso* (1912), 178 Ind. 673, 100 N. E. 70; *City of Rushville* v. *Morrow* (1913), 54 Ind. App. 538, 101 N. E. 659. But on the question of whether a notice in fact given is sufficiently definite as to the time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts. *Pearll* v. *City of Bay City* (1913), 174 Mich. 643, 140 N.

W. 938; *Hammock* v. *City of Tacoma* (1905), 40 Wash.
539, 82 Pac. 893; *Judd* v. *City of New Britain* (1908), 81
Conn. 300, 70 Atl. 1028; *Hase* v. *City of Seattle* (1908),
51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938.   The
purpose of such statute is ''to apprise the officers of
municipality of the location, so that it might be examined
with a view to preparing a defense to the action if it was
thought a defense should be made; that if it directs the
attention of said officers with reasonable certainty to the
place of the accident, the requirements of the notice have
been met; and that it was not intended that the terms of
the notice should be used as a stumbling block or pitfall
to prevent recovery by meritorious claimants.''   *Hase* v.
*City of Seattle, supra.*  See, also, *Denver* v. *Perkins* (1911),
50 Colo. 159, 114 Pac. 484; *Pearll* v. *City of Bay City,
supra; Johnson* v. *City of Fargo* (1906), 15 N. Dak. 525,
108 N. W. 243; *McComb* v. *City of Chicago* (1914), 263
Ill. 510, 105 N. E. 294.   ''If the statement so designates
the place that the officers of the town, being men of common
understanding and intelligence, can, by the exercise of
reasonable diligence and without other information from
the plaintiff, find the exact place where it is claimed the
damage was received, it is in this respect sufficient because
it fully answers the purpose of the statute.''   *Carr* v. *Ash-
land* (1883), 62 N. H. 665, 669.  See, also, *McComb* v. *City
of Chicago, supra; Denver* v. *Perkins, supra.*  On the fore-
going proposition, see also extensive note to *Sollenbarger* v.
*Lineville* (1909), 18 Ann. Cas. 991.

An examination of the decisions cited above will dis-
close, as stated in *City of Fort Wayne* v. *Bender* (1914),
57 Ind. App. 689, 105 N. E. 949, that, as a rule, the statutes
of other states requiring that such a notice be given, ''pro-
vide in substance that the notice shall state the time, the
place and cause of injury, without any qualifying words,
while the statute of this State provides for the giving of
a written notice containing a 'brief general description of

the time, place, cause and nature of such injury' ''. Doubt-less the nature of the obstruction or defect that caused the injury if described in the notice or some physical object referred to therein, may be sufficiently potent to render an otherwise ambiguous or indefinite notice reasonably certain: Thus, if the obstruction or defect is plainly visible, and there are no others of a like nature within the limits; or if reference is made to a well known building, tree or other physical monument, and if the place of injury is located with reference thereto. Here, if the city officers, on receiving the notice, had started on a tour of investigation, actuated by a good-faith purpose to locate the place where the injury was received, and guided only by such notice, they naturally would have proceeded to the sidewalk in front of lot number 29. Here they would have discovered no such hole in the sidewalk, as is described in the notice. Had they then exercised ordinary diligence, they would have observed that the notice located the place of injury with reference to a certain house number, and that the house number of lot 29 did not correspond with that in the notice. Such a spirit of diligence would then have prompted them to proceed to number 3353, and having obeyed such prompting, they would have discovered, sixty-five feet beyond lot 29, and in front of the lot that bore 3353 as a house number, the hole in the sidewalk, which was sufficient in its dimensions to attract the attention of persons using such sidewalk as dangerous.

We would not be understood as holding it to be important that the city officials had or could have had extraneous information respecting the place of accident. On the contrary, we do hold that the notice itself, unaided and unsupplemented by such outside information must be sufficient and sufficiently accurate to that end. *Touhey* v. *City of Decatur, supra.* It is, therefore, unimportant whether the city officials from any such extraneous source in fact did know the exact place of the accident. The inquiry is

whether the notice itself contained information or means of information which, when interpreted in the light of the physical surroundings, was sufficient to locate the place with reasonable accuracy. With these principles in mind, we hold that the notice sufficiently described the place where the evidence showed the accident happened, and that there was no material variance between it and the evidence in that respect, and that the court did not err in admitting the notice in evidence. See the following: *O'Brien* v. *City of St. Paul* (1911), 116 Minn. 249, 133 N. W. 981, Ann. Cas. 1913 A 668; *Wilson* v. *City of St. Joseph* (1909), 139 Mo. App. 557, 123 S. W. 504; *Ballew* v. *City of St. Joseph* (1912), 163 Mo. App. 297, 146 S. W. 454; *City of Lincoln* v. *Pirner* (1900), 59 Neb. 634, 81 N. W. 846; *Pearll* v. *City of Bay City, supra; Hammock* v. *City of Tacoma, supra; Johnson* v. *City of Fargo, supra; Comstock* v. *Village of Schuylerville* (1910), 139 App. Div. 378, 124 N. Y. Sup. 92; *McComb* v. *City of Chicago, supra; Buchmeier* v. *City of Davenport, supra; Wheeler* v. *City of Detroit* (1901), 127 Mich. 329, 86 N. W. 822; *City of Pueblo* v. *Babbitt* (1910), 47 Colo. 596, 108 Pac. 175; *Cloughessey* v. *Waterbury* (1883), 51 Conn. 405, 50 Am. Rep. 38. See also cases collected in note to *Sollenbarger* v. *Lineville, supra,* and note to *Elam* v. *City of Mt. Sterling* (1909), 20 L. R. A. (N. S.) 512, 758.

The insufficiency of the notice in its relation to the injury suffered is argued. It is not contended that the notice does not sufficiently describe certain injuries, but rather

8. that its contents are not broad enough to include all the injuries received by appellee, as shown by the evidence. The record is as follows: the objection interposed to the reading of the notice in evidence contains no reference to the subject of the injuries. After the notice was read in evidence, appellant moved to strike out all the testimony theretofore given respecting what appellant characterizes as the injuries not covered by the notice, and which

testimony was heard without objection. The court's action in overruling such motion is not assigned as error in the motion for a new trial. Appellant offered no instruction excluding from the consideration of the jury in assessing damages the injuries which appellant claims are not included among those described in the notice. The question, therefore, is not presented.

Appellant contends that the evidence shows affirmatively that appellee was guilty of contributory negligence. Briefly the facts are as follows: Appellee had lived for six years on lot 25, being near the *locus in quo,* during the last three to six months of which the hole was in the sidewalk. She testified that she had used the sidewalk frequently, and was familiar with it, and that she presumed she could have seen the hole had she looked, but that as she walked along, she was not looking at the ground, and that she was not thinking of whether there was a hole in the walk; that she knew there were holes in the walk west, but had no knowledge that there were holes in the walk east of her house; that it was about dusk when she stepped into the hole and that trees cast a shadow over the place; that a kitten was following her; that a dog which habitually chased cats approached from the rear; that fearing for the safety of the kitten, she was watching it and the approaching dog, and finally in turning with the intention of going back home, she stepped into the hole, twisted around and fell with her foot fastened. Appellee's examination taken before the trial was read in evidence. A part of it as set out in appellant's brief, is as follows: "Q. You knew there were several holes in the sidewalk along that location? A. Well, I suppose so, I don't remember. Q. * * * You knew there was an imperfect walk; that there were holes there? A. Yes, I suppose so. Q. * * * How long do you think you knew that there was more than one hole in that walk, and that there were holes both east and west of your house in

that sidewalk? A. Well, I can't remember, and I don't know. Q. Would you say it was a year? A. Well, it might be a year. Q. * * * And might have been six months? A. Might have been six months. Q. * * * You knew that that was not a perfect walk; you knew there were holes in that walk? . A. I never gave it a thought; I don't know; I cannot say that I knew it. Q. But as you remember it now there were? A. I suppose so, there must have been.''

Appellant's argument is that the evidence shows that appellee had prior knowledge of the existence of the hole in the walk; that she was inattentive, and as a consequence, stepped into the hole and was injured, and that, therefore, her own negligence was the proximate cause of such injuries. On the issue of contributory negligence the burden of proof was on appellant. §362 Burns 1914, Acts 1899 p. 58. If appellee knew of the defective condition of the sidewalk, and with such knowledge, attempted to use it, she was not thereby necessarily precluded from a recovery. A sidewalk might be so defective as to suggest at once to a person of ordinary prudence that it could not be used without peril to life or limb, and regardless of the care exercised. In such case, the application of the principle of incurred risk would prevent a recovery of damages for injuries suffered by a responsible person in attempting to use it. Here, however, the hole was only about twenty-two inches long and four inches wide, and was situated at the east end of a board about six feet long which measured the width of the sidewalk. In such case the element of knowledge was merely for the consideration of the jury on the issue of incurred risk and contributory negligence. See, *Murphy* v. *City of Indianapolis* (1882), 83 Ind. 76; *City of Elkhart* v. *Witman* (1890) 122 Ind. 538, 23 N. E. 796; *Town of Boswell* v. *Wakley* (1897), 149 Ind. 64, 48 N. E. 637; *City of Frank-*

*fort* v. *Coleman* (1898), 19 Ind. App. 368, 49 N. E. 474, 65 Am. St. 412; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918, 66 N. E. 742. But it is argued that the evidence shows such previous knowledge, and that appellee used no care to avoid the obstruction in the sidewalk, and that her forgetfulness, under the impulse of the distracting cause, as shown by the evidence, is not sufficient to acquit her of contributory negligence. Remembrance and diverting influences are not at all times subject to or controlled by the human will. Memory of a situation is related to the primary impression made from observing it. A defect in a sidewalk might be so portentous of peril that a person in attempting to use it would be chargeable with the responsibility of keeping it in mind or otherwise be found guilty of negligence contributing to any injury received in attempting to use the walk; or such defect might be of such a nature that momentary forgetfulness, especially when the attention is diverted, would be excusable. "The appellant was not bound at all times, by day and by night, to keep in mind the fact that some person had placed an obstruction in the way. The human mind is not so constituted that it can recall at all times things with which it is familiar, and we know from experience and observation that reasonably prudent persons receive injuries from defects and obstructions in streets and highways of the existence of which they had previous knowledge. The law does not, therefore, in all cases hold a person injured by a defect in a highway guilty of contributory negligence merely because he had previous knowledge of the defect, but generally treats the matter of knowledge as a fact or circumstance bearing on the question of contributory negligence to be submitted to the jury along with the other facts and circumstances surrounding the accident, leaving it for them to say whether, under the facts shown, the injured person was or was not guilty of contributory negligence." *Blankenship* v. *King County* (1912), 68 Wash. 84, 122 Pac. 616,

40 L. R. A. (N. S.) 182. Where a traveler "is injured as a consequence of a defect of which he had previous knowledge, the mere fact of previous knowledge does not *per se* establish contributory negligence. And this is also the rule where previous knowledge is coupled with absence of thought concerning the defect at the time of the injury, or a momentary forgetfulness of it. Previous knowledge of a defect and forgetfulness of it are important facts to be considered in connection with all other circumstances in determining whether the party injured was exercising reasonable care. But it is not negligence, as matter of law, for a person who has knowledge of a defect not to remember it at all times and under all circumstances." *Pyke* v. *City of Jamestown* (1906), 15 N. Dak. 157, 107 N. W. 359. See, also, *Jackson* v. *City of Grand Forks* (1913), 24 N. Dak. 601, 140 N. W. 718, 45 L. R. A. (N. S.) 75, and cases cited.

The responsibility of keeping in mind a known defect or obstruction in a street or sidewalk does not rest on the traveler with the same degree of intensity as on 13. the municipality. It is the duty of the latter to make reasonable inspection, and also to repair defects and remove obstructions known to exist or which 11. may be ascertained by the exercise of reasonable care, that the way may be rendered reasonably safe for travel. *City of Evansville* v. *Frazier* (1900), 24 Ind. App. 628, 632, 56 N. E. 729; *City of Evansville* v. *Wilter* (1882), 86 Ind. 414, 420. The former, however, has a right to presume, in the absence of knowledge or means of knowledge to the contrary, that the municipality has performed its duty in these respects, and while the traveler is chargeable with the duty of exercising reasonable care, he is not required to make a close inspection to discover whether such duty on the part of the municipality has been performed. It would, therefore, seem to follow that a defect in a street or sidewalk might be of such a nature that a

traveler, with prior knowledge of its existence, might momentarily forget there was such a defect without being chargeable with a want of due care, while the municipality, by reason of such duty resting on it, and a negligent failure to perform the same, might be held liable for an injury resulting therefrom. *City of Indianapolis* v. *Slider* (1914), 56 Ind. App. 230, 105 N. E. 56; *City of Bluffton* v. *McAfee* (1899), 23 Ind. App. 112, 53 N. E. 1058; *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923. For the force and effect of a diverting cause and its bearing on the issue of contributory negligence, see note to *Lerner* v. *Philadelphia* (1908), 21 L. R. A. (N. S.) 614, 648, 651. Note to *Knoxville* v. *Cain* (1913), 48 L. R. A. (N. S.) 628, 637. See, also, *City of Valparaiso* v. *Schwerdt, supra.*

Here the jury in answer to interrogatories found that appellee had no previous knowledge of the existence of the hole in the sidewalk. It is argued, however, that such answers are not sustained by the evidence. In our judgment the question of whether appellee had such knowledge was, in consideration of the state of the evidence, for the determination of the jury. As indicated, the jury found in appellee's favor on that proposition. But assuming that under the evidence the jury should have found otherwise respecting appellee's knowledge, the particular finding complained of is not controlling. *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, 656, 50 N. E. 877, 52 N. E. 399; *Frank Bird Transfer Co.* v. *Krug* (1903), 30 Ind. App. 602, 613, 65 N. E. 309. Considering the nature of the obstruction, the at least partial darkness, the fact that appellee did not have in mind whether the sidewalk was defective, the temporary diversion of her attention, together with her prior knowledge or ignorance, as the case may be, of the defective condition of the walk, and in our judgment, the question of her contributory negligence was, under decisions hereinbefore cited, one of fact for the jury, under proper

instructions from the court, and the finding of the jury by the general verdict being in favor of appellee on that issue, is binding on this court.

It is urged that the court erred in permitting appellee to show on the reëxamination of a witness that there were trees along the sidewalk which cast a shadow over the place where appellee received her injury. Appellant is not in a position to complain of such action of the court, for the reason that appellant introduced such subject on the cross-examination of the witness. Moreover, the evidence was proper as descriptive of the surroundings.

Other assignments in the motion for a new trial respecting the admitting and excluding of testimony are waived as no point is directed to them in appellant's brief.

Complaint is made of instruction No. 9, to the effect that the burden of proving contributory negligence was on defendant. There was no error in this instruction. *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 103 N. E. 652; *Newcastle Bridge Co.* v. *Doty* (1907), 168 Ind. 259, 266, 268, 79 N. E. 485; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 495, 73 N. E. 996. Our attention is directed to certain other instructions given and refused, but in our judgment, the jury was fully and fairly instructed.

Appellant contends that the damages assessed are excessive. The facts as shown by the medical and other evidence are as follows: At the time of receiving said injuries, appellee was a married woman about fifty-six years old, and was living with her husband. She caught her foot in the hole in the sidewalk in such manner as that it remained fastened as she twisted around, and fell. No bones were broken or dislocated. The immediate effect of the injury was severe pain in the right knee and also in the right leg and side of the body and in the region of the right kidney. She was confined to her bed for about ten

days and to the house for several months, during all of which time she was under the regular care of a physician, and after which for about six months, she was compelled to use crutches. At the time of the trial, her injuries still required the attention of a physician from time to time. Appellee's most serious injury was a tearing of the right kidney loose from the connective tissue that binds it to the muscles of the back, and causing it thereby to hang suspended in the cavity of the body, which condition is popularly called a floating kidney. Such an injury does not materially interfere with the functions of the organ, but it produces constant pain and a nervous condition. A surgical operation of a serious nature might result in a cure of such an injury. The percentage of cures, however, is small. Temporary relief may be had by wearing a supporting bandage around the body; this also results in cures in about five per cent of the cases where tried. There was still some stiffness and a swollen condition of the right knee producing lameness at the time of the trial, eighteen months after the injury. There continued to be some pain in the right knee and leg. The condition of the knee is probably permanent. Prior to the injury, appellee's weight was about 98 pounds and although somewhat frail, her health was good, and she was able to do her own housework, including washing, ironing and baking. Since the injury her weight is from 85 to 88 pounds and she can do only light housework, not including washing, ironing or any work of that nature. The damages assessed are liberal, but under the rule that governs in such cases, we cannot say that they are excessive. Judgment affirmed.

## On Petition for Rehearing.

Caldwell, J.—Appellant has filed a petition for a rehearing urging among other things that the damages 17. assessed by the jury are excessive. This point was duly presented by appellant in its original brief, and

was considered by the court. As a result of a careful reëxamination of the case, we have concluded that the damages assessed are excessive within the spirit of the rule that governs in such cases in this court. It follows that the petition for a rehearing should be granted. In our judgment, however, while such a conclusion affords a basis for an unconditional reversal, it does not necessitate such a disposition of the appeal. It has long been the practice, where the recovery is found to be excessive, in cases presenting a definite standard by which the proper amount may be estimated with reasonable accuracy, for trial courts and courts of appellate jurisdiction to permit the prevailing party to remit with a new trial or a reversal as the alternative. *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, and authorities cited. Moreover, in cases such as this, where there is no definite standard by which to measure the damages and the trial court in considering a motion for a new trial, which contains an assignment of excessive damages as grounds, finds such assignment to be true, it has become an established rule that the trial court may permit the successful party to remit the excess or grant a new trial if he fails to elect to do so. *Tucker* v. *Hyatt* (1898), 151 Ind. 332, 51 N. E. 469, 44 L. R. A. 129; *Cleveland, etc., R. Co.* v. *Beckett* (1895), 11 Ind. App. 547, 39 N. E. 429; *Evansville, etc., Traction Co.* v. *Broermann* (1907), 40 Ind. App. 47, 80 N. E. 972. That a like rule prevails in a number of jurisdictions, see note to *Tunnel Mining, etc., Co.* v. *Cooper* (1911), 39 L. R. A. (N. S.) 1064.

The action of a trial court in passing on a motion for a new trial containing an assignment of excessive damages is reviewable by the courts of appellate jurisdiction in this State, and such courts are authorized to reverse and direct a new trial in a proper case where the damages assessed are found on appeal to be excessive. As a practical proposition, the power to determine that damages assessed are

excessive carries with it necessarily the implied power to determine what amount of damages would not be excessive. That is, the rule that trial courts may permit the prevailing party to remit down to a certain amount, and thereupon place the stamp of its approval on such amount as not being an excessive recovery, can be sustained only on the theory that trial courts may determine not only that a certain recovery is excessive, but also that a certain amount less than such recovery is not excessive. It follows that if courts of appellate jurisdiction in reviewing the action of the trial courts may determine that a certain recovery, although approved by the trial court, is in fact excessive, such courts may also determine what amount is not excessive. In order to determine that a certain amount is excessive, it is necessary to measure it by a certain other amount first determined not to be excessive. That courts of appeal in many jurisdictions do direct conditional remittiturs in cases such as this see *Burdict* v. *Missouri Pac. R. Co.* (1894), 123 Mo. 221, 27 S. W. 453, 45 Am. St. 528, 26 L. R. S. 384, and note; 4 L. R. A. Extra Ann. 67; *Chitty* v. *St. Louis, etc., R. Co.* (1899), 148 Mo. 64, 49 S. W. 868; *Chitty* v. *St. Louis, etc., R. Co.* (1902), 166 Mo. 435, 65 S. W. 959; *Arkansas, etc., Cattle Co.* v. *Mann* (1889), 130 U. S. 69, 9 Sup. Ct. 458, 32 L. Ed. 854.

Except as to the element of an excessive recovery, there is no error in the record for which there should be a reversal. Under the circumstances, it is our judgment that the ends of justice will be attained by permitting appellee to remit. The petition is therefore granted, and the mandate modified to the effect that it is ordered that if within twenty days appellee shall file in this court a remittitur in the sum of $1,500, to be effective as of the date of the judgment below, the judgment will be affirmed for the residue in the sum of $4,500; otherwise, the judgment will be reversed with instructions to the trial court to sustain the motion for a new trial; costs in either case against appellee.

NOTE.—Reported in 108 N. E. 29; 109 N. E. 404. Remittitur when excessive verdict is granted through passion or prejudice, see 3 Ann. Cas. 939; Ann. Cas. 1912 C 509. See, also, under (1) 28 Cyc. 1358, 1465; (4) 28 Cyc. 1447; (5) 28 Cyc. 1455; (6) 28 Cyc. 1476; (7) 28 Cyc. 1450, 1462; (8) 3 C. J. 808, 1336; 2 Cyc. 693, 983; (9) 28 Cyc. 1478; (10) 28 Cyc. 1422; (11) 28 Cyc. 1512; (12) 28 Cyc. 1425; (13) 28 Cyc. 1427; (14) 3 Cyc. 245; (15) 3 Cyc. 388; (16) 38 Cyc. 1809; (17) 13 Cyc. 126; (18) 3 Cyc. 435.