LUCY R. READ & another *vs.* HENRY M. CLARKE.

A testat r devised his messuage No. 90 B. Street, and "the two stable lots in the rear thereof." He owned two contiguous lots on the north side of R. Street, which was parallel with B. Street and was bounded south on the back of the B. Street lots. But only one of them was directly behind No. 90. The other was behind No. 89. They were conveyed to him by separate deeds, of the same date, before the making of the will, and were vacant till after his death. All the lots of the north side of R. Street, which were built upon, were used for stables. The back part of the testator's land on the south side of B. Street was not built upon. *Held,* that both lots on the north side of R. Street passed by the devise.

BILL IN EQUITY, filed May 31, 1871, to enforce specific performance of a written agreement of the defendant to buy from the plaintiffs two adjoining parcels of land on the north side of River Street in Boston, of which the plaintiffs claimed to be seised under a devise of James Read, their father. The defendant demurred, on the ground that both parcels did not pass by the devise; the demurrer was overruled; and he appealed. The material facts appeared as follows :

River Street runs east and west, parallel with Beacon Street. In 1863, and thenceforward to his death, James Read owned and occupied a messuage fronting and numbered 90 on Beacon Street, and extending to the south side of River Street. The dwelling-house was situated upon the front of the lot, and that portion of it which adjoins River Street was not built upon. On May 5, 1863, by separate deeds of that date, William Ropes conveyed to him two contiguous vacant parcels of land ·on the north side of River Street, one of them directly in the rear of his said messuage and within its side boundary lines extended, and the other directly in the rear of an adjoining messuage numbered 89 on Beacon Street. All the lots on the north side of River Street, on which buildings have ever been erected, have always been used for stables. These two parcels of land remained vacant at the time of his death, which occurred in 1870. His will was made in 1865, and proved in January 1871, and contained the follow'ng devise : " I give, devise and bequeath my present dwelling-hou e, now numbered 90 Beacon Street, with the land and appurte-

nances thereto belonging, and the two stable lots in the rear thereof, to my two daughters," the plaintiffs. The defendant's contract of purchase was dated May 1, 1871.

*M. Storey*, for the defendant. 1. The plaintiffs' title must be shown to be not only good, but marketable, and free from serious doubt, which this is not. Adams Eq. (5th Am. ed.) 197 and note 2. *Pyrke* v. *Waddingham*, 10 Hare, 1. *Doe* v. *Bower*, 3 B. & A d. 453. *Doe* v. *Pigott*, 1 Moore, 274 ; *S. C.* 7 Taunt. 553. *Doe* v. *Oxenden*, 3 Taunt. 147. *Mason* v. *Ely*, 38 Ill. 138. *Gibbes* v. *Elliott*, 5 Rich. Eq. 327.

2. The devise may be satisfied without extending it to land not directly in the rear of the testator's messuage. He may have planned to divide the parcel directly in the rear of his messuage, and on the north side of River Street, into two stable lots ; or he may have considered that parcel as one stable lot, and the portion of his land on the opposite side of River Street, and in the rear of his dwelling-house, which was not built upon, as the other.

*J. C. Ropes & J. C. Gray, Jr.*, for the plaintiffs. "In the rear" does not mean "within the boundary lines extended." But even if it does, the description must be considered inaccurate, and both parcels must pass, in order to give effect to the testator's intention. *Doe* v. *Roberts*, 5 B. & Ald. 407.

CHAPMAN, C. J. The devise in James Read's will, a copy of which is contained in the bill, gives to the plaintiffs, in addition to the dwelling-house with the land and appurtenances thereto belonging, "the two stable lots in the rear thereof." The land which was conveyed to him by William Ropes, by two deeds both dated on the same day, is properly designated as two lots, and the separate conveyances identify them as such. The description of them as stable lots designates them still further, as they are not built upon. They are conveniently situated for stable lots for the house or the neighboring houses, and all the lots parallel with them on the same side of River Street, on which any buildings have been erected, have been and are used and occupied for stables. They are properly described as being in the rear of his dwelling-house lot; though this of itself would lack certainty, as one of them extends in the rear of lot No. 89. But taking al

the circumstances above mentioned, together with the fact that neither of them alone would satisfy the description, and we think it sufficiently certain that the testator's intent was to include both of them in the devise.

In describing the real estate devised, reasonable certainty is all that is necessary ; and we are all of opinion that it is reasonably certain, from the language of this devise, that it covered both the lots above mentioned.          *Demurrer overruled.*