MAGGIE BALLEW, Respondent, v. CITY OF ST
JOSEPH, Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. NEGLIGENCE: Injured in Street: Notice. The true test of the
sufficiency of a notice required by section 9111, Revised Statutes
1909, is whether or not a person of ordinary intelligence can
take the notice and, with no other means of information, go to
the scene of the injury and find the spot where it occurred

2. ———: **Acceptance of Street.** Where it is shown that a roadway between fences had been used by the public for more than fifteen years with the knowledge and acquiescence of the city, it is the duty of the city to maintain it in a reasonably safe condition.

3. ———: **Evidence.** Where the evidence tends to show that a city was negligent in allowing a dangerous obstruction to remain for three weeks in a public street and a pedestrian, using the street in the ordinary way, is injured, the city is liable in damages.

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk*, Judge.

AFFIRMED.

*W. B. Norris, O. E. Shultz* and *Phil Slattery* for appellant.

(1) The city had never accepted and improved Scott street for use by the public. Curran v. City of St. Joseph, 143 Mo. App. 618; Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 190 Mo. 213; Benton v. St. Louis, 217 Mo. 687. (2) The written notice was defective in its failure to properly locate the defect. Butts v. Stowe, 53 Vt. 600; Dalton v. Salem, 139 Mass. 91; Cronan v. Boston, 135 Mass. 110.

*Mytton & Parkinson* and *R. W. Grier* for respondent.

(1) The city had accepted and improved Scott street for use by the public from fence to fence, and it was the duty of the city to keep the same in a reasonably safe condition. Benton v. St. Louis, 217 Mo. 701; Conners v. Nevada, 188 Mo. 148; Meiners v. St. Joseph, 130 Mo. 274.

JOHNSON, J.—Plaintiff sued the city of St. Joseph, a city of the second class, to recover damages for personal injuries she alleges were caused by the

negligence of defendant in failing to keep one of its public streets in a reasonably safe condition for the use of pedestrians. The answer is a general denial and a plea of contributory negligence. The trial of the cause resulted in a verdict and judgment for plaintiff for two thousand dollars and after its motion for a new trial was overruled, defendant appealed.

The injury occurred May 6, 1909, on Scott street, at a point about eighty-seven feet west of Fifth street. Scott street runs east from Fourth street to Sixth street and never has been paved nor provided with sidewalks. It has been a platted street and has been used by the public for vehicles and by pedestrians for fifteen years and more. Fifth street for many years has been occupied by railroad tracks and has no crossing for vehicles at Scott street. The locality is an old part of the city and the block on the south side of Scott street between Fourth and Fifth streets is occupied by small cottages in one of which plaintiff was living. The street as platted is sixty feet wide but the property owners on both sides had encroached on the street by placing and maintaining their front fences so far into the street that the passageway between the fences which was used in common by both vehicles and pedestrians was only about twenty feet wide. The evidence of plaintiff tends to show that the whole of this roadway was used by travelers and had been so used for many years and that the city, on one occasion, at least, had repaired the roadway by grading the surface and filling up low places. The fence in front of plaintiff's residence was fourteen feet north of the south line of the platted street and, therefore, was north of what would have been the curb line on the south side had the street been improved its full width. Plaintiff had just left her home to go on an errand and was walking along the south side of the open roadway when she tripped on some woven wire that was partly imbedded in the pathway used by pedestrians,

and fell, receiving the injuries of which she complains. A part of the imbedded wire projected several inches above the surface of the ground and was looped in a way to catch the toe of an unwary pedestrian. Plaintiff is old and on account of defective eyesight did not see the obstacle nor did she know it was there. Witnesses introduced by her say the wire had been there at least three weeks before the injury and was at a place two or three feet north of plaintiff's fence and about seven feet east of her gate.

The notice given by plaintiff to the city, pursuant to section 9111, Revised Statutes 1909, described the place of injury as being "at a point about eighty-seven feet west of the property line on the west side of Fifth street and on the south side of Scott street at or near the middle of the sidewalk space on the south side of Scott street." The manner of the injury is stated to have been "by catching her foot in a loop or loops of wire which had become imbedded in the ground or dirt of the sidewalk space at said point making a loop or loops of wire which extended above the surface of the sidewalk space and was by reason of her foot catching in said loops tripped and precipitated to the ground then and thereby sustaining injuries," etc.

In their argument on the demurrer to the evidence counsel for defendant attack the sufficiency of this notice on the ground that its description of the place of injury is shown by all the evidence including that of plaintiff to be inaccurate. As stated the whole of the sidewalk space of the platted street was included in plaintiff's enclosure and if we should say that defendant was referred by the notice only to the plat, we would be compelled to hold that the description of the place was inaccurate to the extent of being misleading, since a point on the plat eighty-seven feet west of Fifth street and in the middle of the sidewalk space on the south side of Scott street would be some

twelve or thirteen feet south of the place where the evidence shows the wire was imbedded. Obviously the attorney who prepared the notice did not go by the plat but by the physical conditions as they existed at the time and in speaking of the sidewalk space intended to refer to the space on the south side of the open roadway generally used by pedestrians.

The statute is mandatory and unless plaintiff has complied with its provisions she cannot recover. The purpose of the law to prevent fraud and imposition by the prosecution of fictitious or stale demands against municipalities, cannot be met by a notice that is so indefinite in the statement of a material fact as to be misleading. But as we said in Snickles v. St. Joseph, 139 Mo. App. 1. c. 192, the statute should be construed reasonably, and where there has been a substantial compliance with its provisions the plaintiff should not be turned out of court on account of an innocent mistake that could not have misled the officers of the city and could not be said to constitute a failure to state a fact essential to a proper statement. We think a person of ordinary intelligence with this notice before him could not have failed to understand, on an inspection of the place, that plaintiff was not referring to a place in her front yard, but to a point in front of her fence that was in the middle of the way traveled by pedestrians using that side of the roadway. The true test in such cases is whether or not a person in the exercise of ordinary intelligence can take the notice and, with no other means of information than it suggests, go to the scene of the injury and find the spot where it occurred. Applying this test we hold that the officers of the city were accurately informed of the place and that there is no substantial difference between the description of the place in the notice and in the evidence. [Reno v. City, 169 Mo. 642; Lyon v. City, 112 Mo. App. 681; Canter v. City, 126 Mo. App. 629.]

We do not agree with the contention of defendant that the city had not accepted the street and, therefore, owed plaintiff no duty to exercise reasonable care to keep it in a reasonably safe condition for the use of pedestrians. The fact is well established by evidence that the roadway between the fences had been used by the public for more than fifteen years, manifestly with the knowledge and acquiescence of the city. A user of a platted street so notorious and prolonged implies an acceptance by the city and imposes a duty on the city to maintain in a reasonably safe condition that portion of the street kept open to the traveling public. Plaintiff was using the street in the ordinary manner of pedestrians on the implied assurance of the city that reasonable care had been observed to maintain it in a reasonably safe condition for such use. [Benton v. City, 217 Mo. 687; Curran v. City, 143 Mo. App. 618.] Her evidence tends to show that the city was negligent in allowing a dangerous obstruction to remain so long in the way of pedestrians and that her injury was the direct result of such negligence.

The issue of negligence on the part of the city as the proximate cause of the injury was one of fact for the jury to determine as was also the issue of contributory negligence. The demurrer to the evidence was properly overruled.

Point is made that the first instruction given at the request of plaintiff was erroneous for the reason that it held the city to a higher duty than that imposed by law, but we find the objection is based on a strained construction of the language of the instruction and that fairly construed the legal duty accurately is defined.

The case was tried without prejudicial error and the judgment is affirmed. All concur.