Cheshire,
March 7, 1922.

### SARAH C. HINDS *v.* HINSDALE.

Whether under the statute of highways the notice required by P. S., *c.* 76, *s.* 7, describes with sufficient certainty the place where an injury was received, is a question of fact for the trial court; and its finding, if supported by competent evidence, will not be reviewed.

CASE, for personal injuries under P. S., *c.* 76 as amended by *c.* 59, Laws 1893. Trial by jury and verdict for the plaintiff. The defendant excepted to the finding of the court that the statement filed by the plaintiff under P. S., *c.* 76, *s.* 7, was sufficient, and to the denial of its motions for a nonsuit and for a directed verdict in its favor. Transferred from the April term, 1921, of the superior court by *Allen,* J. The facts relevant to the exception appear in the opinion.

*Joseph Madden* and *Roy M. Pickard* (*Mr. Madden* orally), for the plaintiff.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the defendant.

SNOW, J. Every person making a claim against a town on account of injuries received in the use of highways under P. S., *c.* 76, is required by *s.* 7 thereof to file with officers of the town, within ten days, a written statement setting forth, among other facts, "the exact place where and the time when the injury was received." The object of this requirement is to enable the town authorities to examine the place shortly after the alleged injury, while the physical facts are unchanged, in order that they may intelligently consider the merits of the claim and either adjust the damages or prepare a defence. *Carr* v. *Ashland,* 62 N. H. 665, 668, 669; *Sargent* v. *Gilford,* 66 N. H. 543, 544. A statement is sufficient if it so designates the place that

men of common understanding and intelligence, can, by the exercise of reasonable diligence, and without other information from the claimant, find with reasonable certainty the place where it is claimed the injury was received. Whether the statement is sufficient for this purpose is a question of fact to be decided at the trial. *Carr* v. *Ashland, supra,* 669; *Horne* v. *Rochester,* 62 N. H. 347, 350; *Currier* v. *Concord,* 68 N. H. 294, 295. This fact is ordinarily to be determined by the court, unless the court in its discretion submits the question to a jury. *Carr* v. *Ashland, supra,* 668; *Robin* v. *Bartlett,* 64 N. H. 426, 428. A finding upon a question of fact which is within the province of the trial court will not be reviewed if there is sufficient evidence upon which it can be based. *Metcalf* v. *Weed,* 66 N. H. 176, 178; *Dunklee* v. *Prior, ante,* 270, and cases cited. Therefore, the only question raised by defendant's exceptions, so far as insisted upon, is whether there was evidence to support the finding of the court.

The statement filed made claim for an injury received while plaintiff was traveling in the evening upon the sidewalk on High street in defendant town "at a point almost directly in the rear of the hotel barn, by reason of a dangerous embankment and defective railings."

The plaintiff was injured while walking on the only sidewalk on High street, which at this point lies on a curve, with the sidewalk on the inside of the curve. The plaintiff was proceeding with the highway on her left and a railed embankment on her right. The hotel barn referred to sits on a lower level, and backs up to High street somewhat diagonally, its northeasterly corner touching the embankment so that its northerly end and its easterly side each form acute angles with the street. The accident occurred after she had passed 34.5 feet beyond the corner, at a point which she describes as on "the back side of the barn," as distinguished from the back end of the barn by which she had passed. The railing along the embankment in either direction from the point where it touched the barn consisted of a single wooden rail supported on the top of small iron rods or posts set in the stone wall of the embankment. The wall, 2.5 to 4.5 feet high, was built of field stone, and its top surface was irregular. The surface of the sidewalk, constructed of concrete, was six inches higher than the top of the stone wall, and did not extend out fully to the base of the posts. Plaintiff's evidence tended to show that her injury was due to a fall occasioned by her foot slipping off the edge of the bank. At the point where the accident occurred, and for ten to twelve feet in either direction, the iron posts were out of plumb, leaning away from the sidewalk four inches at places, and leaving

spaces from 6 to 9.5 inches between the finished surface of the walk and the railing.   This defect seems to have been easily apparent, while there was no evidence of any defects in the walk or railing opposite the northerly end of the barn.

The word "rear" is not a technical term to be applied with mathematical precision.   *Kendall* v. *Green*, 67 N. H. 557, 559.   Used with reference to a building, it is not limited in its application to the space between the extended side lines of the structure, but is to be construed by taking into consideration all the circumstances of the case.   *Read* v. *Clarke*, 109 Mass. 82, 84.   The court will consider what the persons to whom it was addressed would probably understand by it when viewing the premises and applying it to the situation.   *Kendall* v. *Green, supra*, 562, 563.   The fact that officers of the defendant town shortly after the filing of the plaintiff's statement caused photographs to be taken with the camera focused upon the place of the accident, and used them in the trial, is some evidence of the adequacy of the notice to accomplish the object intended.   *Davis* v. *Rumney*, 67 N. H. 591, 592.

It could be found from all the foregoing facts that the statement was sufficient to satisfy the purpose of the statute.   No other grounds are urged in support of defendant's motions.   The order, therefore, must be

*Exceptions overruled.*

All concurred.