Malinda GARDNER, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 13275.

Court of Civil Appeals of Texas.

Houston.

Feb. 5, 1959.

Ralph Balasco, Houston, for appellant.

R. H. Burks, City Atty., Edgar Pfeil, Sr., Asst. City Atty., Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellant, Malinda Gardner, against the City of Houston to recover damages for personal injuries sustained by her when she stepped on the lid of a water meter box which gave way. Trial was before a jury. After appellant testified, appellee presented its motion to strike the notice of claim and to dismiss the cause of action because of a fatal variance between the notice of claim and the proof. The jury was retired while additional evidence was introduced before the court on said motion. From an order sustaining appellee's motion to strike and dismiss, appellant has perfected her appeal.

Appellant asserts that the court erred in striking her notice of claim and in dismissing the suit because there was no variance between the notice and the proof as to how the injury occurred, and no fatal variance between the notice and proof of the location of the accident, and also because appellant's failure to state in her notice the amount of damages sustained by her was justified since at the time the notice was filed the extent of appellant's injuries had not been ascertained.

In her notice of claim, appellant did state that she was willing to settle her claim for $3,000. She did not, however, state "the amount of damages sustained." She now contends that in stating in the notice the apparent extent of her injuries, she thereby in effect stated the amount of damages sustained by her. We think the requirement of the City of Houston's Charter that the verified notice contains the "amount of damages sustained" clearly refers to the amount in dollars and cents and is not satisfied by a statement of the apparent extent of the injuries sustained.

Appellant further contends that since her claim for damages was unliquidated, and she had not completely recovered, it was impossible to state under oath the amount of damages sustained. We agree with appellant that she could not honestly swear to the amount of damages sustained and that the charter requirement being impossible of performance was unreasonable and unenforceable. We have examined numerous cases which, in referring to statutory provisions relative to the amount of damages, clearly show that the injured party was required to state the amount of damages claimed or demanded and not "the amount of damage sustained." The claimant might honestly swear to the amount of damages claimed or demanded although unable to swear to the amount of damages actually sustained.

In City of Waco v. Teague, Tex.Civ. App., 168 S.W.2d 521, 528, no writ history, the Court stated: "The law does not require the unreasonable or the impossible." (Citing a number of cases.)

The charter requires that the notice of claim state "how the injury or destruction occurred, and the approximate extent thereof." We have compared the notice of claim with the evidence adduced at the trial, and have concluded that there is no substantial difference between the notice of claim and the proof as to how appellant's injury occurred. Both show that the injury was caused by stepping on a

metal cover of a water meter which in some way moved or gave way, permitting plaintiff's right foot and leg to go down into the meter hole, causing appellant's injuries.

Appellant strongly contends that there was no fatal variance between the notice of claim and the proof as to the place where the injury occurred. The notice stated in respect to the place of the accident:

"About 11:30 a. m. o'clock, affiant left the Weingarten's store at the southwest corner of West Gray and Taft, Houston, Texas, and proceeded in an easterly direction on foot. She was accompanied by a five year old child who lives with her. On the sidewalk of said corner, just inside the curb, was situated a City of Houston water department installation which consisted of some type of mechanism under ground. Covering this installation, the exact nature of which is unknown to affiant, was a metal lid, which appeared stable and safe to walk on. As affiant stepped on said lid, it gave way, and caused her to drop into a hole, resulting in severe and painful injuries to the bones, ligaments, leaders, and soft tissue of her right leg and ankle, from which she has not recovered."

The proof showed that the accident happened at the southwest corner of West Gray and Mason. Weingarten's store fronts on Taft and extends from Taft Street east to Mason Street. The proof showed that there was a city water meter at the southwest corner of the intersection of Taft and West Gray and there was also a water meter a full block away at the southwest corner of Mason and West Gray. A. L. Cooper, an investigator working in the Legal Department of the City of Houston, and who investigated the claim, stated that he went to Weingarten's on West Gray and Taft where the accident was alleged to have happened. He talked to the manager of the store and to an employee at the

store who was present when the accident happened. The same day he talked to appellant, to establish the correct location of the accident. He established the correct location of the claim to be at the rear of the Weingarten's store on Mason Street, and that the location of the meter box was at Mason and West Gray.

It was necessary for the investigator to obtain information outside the notice of claim in order to establish the correct location of the accident. Mr. Cooper's report of his investigation according to the testimony of Mr. Cannon, Assistant City Attorney of Houston, mentioned both locations but stated that the damages were sustained on an open water meter at West Gray and Mason. M. H. Westerman, City Secretary, wrote a letter under date of June 14, 1956, to appellant's attorney, in which she referred to an open water meter located at West Gray and Mason. In appellee's denial of the claim, the motion made and carried refers to the water meter located at West Gray and Mason. It is evident, however, that the location as given in such letter and in the action taken by the city was based directly or indirectly upon the report of Mr. Cooper.

Article IX, Sec. 11, of the Charter of the City of Houston, requires that a notice of claim be filed within 90 days after the injury has been sustained; and that the notice state where the injury occurred. In trying to comply with this requirement, appellant completely failed to show that the injury was sustained at the corner of West Gray and Mason, where the proof located the place of injury. It is true that the city apparently investigated both meters and that the city employees and officials concluded that the injury occurred at West Gray and Mason. An ordinance passed by the City of Houston on September 16, 1946, provides that neither the Mayor, the City Manager, nor any other officer or employee of the city, shall have authority to waive any of the provisions of said Section 11 of Article IX of the Charter of said city, and that the same may be waived only by a

resolution of the City Council of the City of Houston made and passed before the expiration of the 90 days period provided for in said Section of the Charter. There was no such waiver.

The Weingarten store is at or near the *southeast* corner of West Gray and Taft. Manifestly appellant could not have left the store at the *southwest* corner of West Gray and Taft. The notice of claim, however, very definitely fixes the place of the accident "at said corner," which can only mean the southwest corner of West Gray and Taft where there was a meter. There is nothing in the notice from which it might be established that the injury occurred at West Gray and Mason. Even if we assume that appellant left the store at the *southeast* corner of West Gray and Taft and walked in an easterly direction, there is nothing to show how far she walked, whether one block or one mile. There is nothing in the notice that locates the meter with reference to Weingarten's store. If it were permissible to go outside of the notice to show by parol evidence where the injury actually occurred, the purpose of the requirement that the notice state where the injury occurred would be emasculated or destroyed.

Appellant relies largely on the case of English v. City of Fort Worth, Tex.Civ. App., 152 S.W. 179, 180, contending that the question of substantial compliance should be left to the determination of the jury. In the English case the notice and also the pleading of the injured party stated that the accident and injury occurred by reason of an open culvert at or near the crossing of Clinton Avenue and Twenty-Third Street in the City of Fort Worth. The proof of the precise locality of the accident was conflicting. Some witnesses testified that it occurred at the crossing of Twenty-Third Street and Clinton Avenue as was alleged, and others placed it at the intersection of Clinton Avenue and Twenty-Second Street. Since there was a conflict in the evidence, the court instructed the jury that if they found that the

accident occurred at or near the intersection of Clinton and Twenty-Third Street they would find for the plaintiff, otherwise for the defendant.

In that case the matter was properly submitted to the jury because of the conflict in testimony. It will be noted, however, that the jury were instructed to find for the defendant if they found that the accident did not occur at or near the intersection of Clinton Avenue and Twenty-Third Street. In the instant case there was no conflict in the testimony as to where the accident occurred. All the evidence showed that it was at West Gray and Mason, whereas the original pleading and the notice of claim showed that it happened at West Gray and Taft. Thus, there was a definite variance between the notice and the proof.

In the English case the Court stated:

"Plaintiff thus failed to establish one of the essentials of his case and such failure cannot be remedied by the fact, if it be so accepted, that one of the city's agents, having heard of the accident from other sources, visited the intersections with Clinton avenue of both Twenty-Second and Twenty-Third streets, and found the conditions similar at both places. The city board of commissioners had the right under the terms of the charter to be served with notice in writing of the particular place which it was alleged had been negligently maintained, * * *"

The case of City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365, writ dism., relied on by appellant, is distinguishable. In that case the Court overruled the city's contention that the notice was too general when applied to the evidence, in that the evidence showed many holes in the 1100 block of Pope Street. The city contended that the notice should have directed its attention to the particular hole in which Mrs. Baker was injured. The evidence, however, raised the issue that there was only one hole in the 1100 block of Pope Street.

In City of Pueblo v. Babbitt, 47 Colo. 596, 108 P. 175, 176, relied on by appellant, the notice stated that the injury occurred "'about the middle of the block, on the east side of Grand avenue, and between Thirteenth and Fourteenth streets,' whereas the injury occurred on the east side of Grand avenue between Twelfth and Thirteenth streets." In that case, however, it was shown that within a short time after the service of notice, counsel for the plaintiff advised the City Attorney of its inaccuracy, and that the City Attorney and the City Engineer both examined the defective sidewalk on the east side of Grand Avenue between Twelfth and Thirteenth Streets.

In the instant case the evidence shows that Cooper's investigation was not made until May 8, 1956, more than four months after the accident. The information given him by appellant as to the meter at West Gray and Mason came too late to constitute an amendment to the notice even if Cooper were authorized to accept an amendment, because any amendment to the notice would have to be filed within 90 days. City of Waco v. Thralls, Tex.Civ.App., 128 S.W.2d 462, dism. judgment cor.; City of Brownsville v. Galvan, 139 Tex. 128, 162 S.W.2d 98. There is nothing in the record to indicate that the appellee had any information within the 90 day period that the accident did not occur at the corner of West Gray and Taft as stated in appellant's notice of claim.

In Hinds v. Hinsdale, 80 N.H. 346, 116 A. 635, cited by appellant, the Court stated:

"A statement is sufficient if it so designates the place that men of common understanding and intelligence can, by the exercise of reasonable diligence, *and without other information from the claimant,* find with reasonable certainty the place where it is claimed the injury was received." (Emphasis ours.)

Manifestly, it was impossible in the instant case to locate the place of injury without other information from the claimant.

To like effect, see Keller v. Tomaska, 1939, 299 Ill.App. 34, 19 N.E.2d 442.

In Ballew v. City of St. Joseph, 1912, 163 Mo.App. 297, 146 S.W. 454, the Court stated that the true test was whether or not a person in the exercise of ordinary intelligence could take the notice and, with no other means of information than it suggested, go to the scene of the injury and find the spot where it occurred.

The purpose of the notice is not only to permit the city to make an investigation of the place where the injury occurred, but also to confine the injured party to some particular location, so that at the trial some other and different location cannot be shown to be the place of the accident. In the instant case the appellant testified that the injury occurred at the corner of West Gray and Mason. However, there was nothing that could have kept her from testifying that it occurred at West Gray and Taft, since in her notice she had stated that it did occur at such corner. See Casey v. City of New York, 217 N.Y. 192, 111 N.E. 764. See 52 A.L.R.2d p. 973; Rottschafer v. City of East Grand Rapids, 342 Mich. 43, 69 N.W.2d 193, 52 A.L.R.2d 960, and annotations. In the Rottschafer case the Court quoted with approval the following statement from Harrington v. City of Battle Creek, 288 Mich. 152, 284 N.W. 680, 681:

"The purpose of the notice to the city is not alone to afford opportunity for investigation but as well to confine plaintiff substantially to the character of the defect alleged in the notice and claimed to have caused injury and consequent liability of the city."

See also Barribeau v. City of Detroit, 147 Mich. 119, 110 N.W. 512.

■ In the present case, as in the English case, supra, the allegations relating to

the place of the accident were descriptive of the appellant's very cause of action, and being so, the proof should correspond at least substantially with the notice. We think the notice in such case should describe the place of injury with sufficient definiteness that a reasonable person might locate the site without resorting to parol evidence.

In Cawthom v. City of Houston, Tex. Com.App., 231 S.W. 701, the Court stated that the higher courts have almost without exception required strict compliance with charter provisions like the one in this case. The Court cited a number of Texas authorities.

We think it was impossible for anyone to establish definitely the place where the injury in the present case occurred without having more than the notice of claim that was given to the city by appellant. In 63 C.J.S. Municipal Corporations § 925(3), p. 362, it is stated:

"The notice must so describe the place that, unsupplemented and unaided by anything aside from ordinary intelligence, the city may be enabled to locate the defect, and material defects cannot be supplied by evidence that the municipality had actual knowledge of the place by oral information from claimant or from other sources."

To similar effect, see 63 C.J.S. Municipal Corporations § 925, p. 368.

For a discussion of the principles involved relative to variance between the allegations in the notice and the proof as to the place of injury, see Trost v. City of Casselton, 8 N.D. 534, 79 N.W. 1071. See also 30–B Tex.Jur., p. 65, Municipal Corporations, Sec. 677.

■ We have concluded that the trial court did not err in striking appellant's notice of claim and dismissing her suit with prejudice because of the variance between the allegations in the notice and proof with respect to the place of injury.

Judgment affirmed.