**CITY OF WICHITA FALLS, Appellant,**

v.

**Clara WILLIAMS et vir, Appellees.**

**No. 16165.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1961.

Frank Gibson and Cody D. Greer, Wichita Falls, for appellant.

Kouri, Banner & Darden, and Jack Banner, Wichita Falls, for appellees.

RENFRO, Justice.

Mrs. Clara Williams sued the City of Wichita Falls for damages for injuries sustained when she fell over a city water meter.

A jury found that maintenance of the meter with a portion thereof projecting above the level of the sidewalk constituted a defective condition and was negligence and a proximate cause of the injury; that the city patched or repaired the sidewalk next to the meter in such manner as to leave a portion of the meter projecting above the level of the sidewalk and such act constituted a defective condition, the maintenance of which was negligence and a proximate cause; that the city patched or repaired the sidewalk next to the meter in such manner as to leave the sidewalk uneven and roughened and maintenance of such defective condition was negligence and a proximate cause. From a judgment for plaintiff, the city appealed.

The city moved for instructed verdict on the ground of variance between the notice given the city and the evidence as to place of injury.

The notice, alleged in plaintiff's petition as properly given to the city, stated that plaintiff fell over a city water meter which was above the level of the ground on the corner of Eighth and Indiana Streets and sustained injuries in hitting a city bus parked at the curb. The evidence showed the water meter to be 60 feet from the intersection. Adjacent to the meter was a marked bus stop. There was only one bus stop at Eighth and Indiana. There were other water meters in the area but the one in question was the only meter which projected above sidewalk level.

 Where the description is such that the city is enabled to locate the place of the accident, the object of the charter provision in that respect is accomplished. City of Dallas v. Myers, Tex.Civ.App., 64 S.W. 683.

A statement is sufficient if it so designates the place that men of common understanding and intelligence can, by the exercise of reasonable diligence, and without other information from the claimant, find with reasonable certainty the place where it is claimed the injury was received. Gardner v. City of Houston, Tex.Civ.App., 320 S.W.2d 715; Hinds v. Hinsdale, 80 N.H. 346, 116 A. 635.

Under the record, we hold that the notice was sufficient to meet the above requirements.

The city also moved for judgment on the grounds the defect was so minor the city owed no duty to repair same, and plaintiff did not prove the city had actual or constructive notice of the defect.

The evidence, viewed in the light most favorable to the verdict, showed that a portion of the sidewalk surrounding the meter had been replaced with rougher concrete of a different texture than the undisturbed portion of the sidewalk; that the concrete was so placed that the meter set at an angle or in a slanting position whereby one side or edge of the meter protruded as much as from one-fourth to two inches above the level of the sidewalk. In view of such evidence we cannot say that as a matter of law the "defect" was so trivial as to absolve defendant of liability.

According to the evidence and the jury findings the defect was a result of negligent construction by the city.

Where the defective and dangerous condition is caused by the act of the city itself, acting by means of the very persons through whom the notice is required to be given, the municipality will be held to have notice. 30–B Tex.Jur., p. 19, sec. 643.

The judgment is affirmed.