**CITY OF LUBBOCK, Appellant,**

v.

**CEMENT & SUPPLY COMPANY, Appellee.**

**No. 7410.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1964.

Rehearing Denied Dec. 14, 1964.

Fred O. Senter, Jr., City Atty., Don Reed and Bob D. Slough, Asst. City Attys., Lubbock, for appellant.

Key, Carr & Clark, Lubbock, for appellee.

NORTHCUTT, Justice.

This suit was instituted by Cement & Supply Company, hereinafter referred to as appellee, against the City of Lubbock, hereinafter referred to as appellant, contending appellant was negligent in failing to refill a waterline ditch in a proper and prudent manner and in failing to place warning signs or devices at the ditch after it was filled.

Mr. Hudson, appellee's employee, was driving a crane carrier truck with a Rex Mixer attached and loaded with concrete down Guava Avenue, a street within the corporate limits of the City of Lubbock.

The City of Lubbock had laid a waterline west of the paved part of Guava Avenue and had refilled the waterline ditch. The truck that was being driven by Hudson slipped off the pavement onto the dirt shoulder and sank into the waterline ditch which had been dug and refilled by the City of Lubbock after the waterline had been installed. The cement truck struck the ditch with its right front wheel which sank, then ran along the ditch with the front wheel buried until the right rear wheel sank into the ditch and then traveled two or three feet before stopping. The truck was tilted to the right so as to throw the crane mixer filled with concrete off the truck frame causing damage to the truck frame, mixer and other portions of the equipment. Appellee brought this action against the appellant to recover its damages for the repair of the truck and mixer; the cost of wrecker service; loss of the concrete inside the mixer; and for other alleged damages.

The case was submitted to the jury upon seventeen special issues. In answer to the first issue the jury found that appellant failed to refill the ditch in question as an ordinary prudent man would have done under the same or similar circumstances and found in answer to special issue two that such failure was a proximate cause of the accident in question. In answer to issue three the jury found that appellant was negligent in failing to provide a barricade, flare, warning sign, or other warning devices to warn the traveling public including the driver of appellant's truck of the existence of the filled ditch and in answer to issue four that such negligence was a proximate cause of the accident in question. The remaining issues are not involved in any manner in this appeal. Judgment was granted in favor of appellant for its damages as found by the jury in the sum of $1,315.30. Appellant filed its motion for judgment non obstante which was overruled. Appellant then filed its motion for a new trial which motion was overruled. From that judgment appellant perfected this appeal.

This appeal is presented upon four points of error. The real question to be determined as to the liability of appellant was if it was negligent in refilling the ditch as it did and that such negligence was a proximate cause of the accident in question. Appellant's first point is that there was no evidence that any acts or omissions of negligence were committed by any employee of the appellant that constituted a proximate cause of the accident in question. Appellant's second point is that there was no evidence offered to show that a need for any signs or warning devices were required or that appellant was under a duty to place such warning sign or device at such point on the street. The question to be determined is whether there is any evidence of probative force to sustain the finding of the jury.

It is stated in the case of Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W. 2d 359, as follows:

"The judgment of the Court of Civil Appeals in favor of Continental must be reversed if there is in the record before us evidence of probative value which, with the reasonable inferences therefrom, will support any one of the findings of proximate cause. Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497, 498. Moreover, we must approach a determination of the question in the light of our former admonition regarding questions of 'no evidence' that 'Appellate courts are without authority to set aside jury verdicts, particularly on questions of proximate cause in damage suits, upon conflicting facts—the undisputed facts must be ample and clear, and the circumstances most exceptional to justify such action.' Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, 983.

* * * * * *

"The boundaries of our duty are well established by decisions of this Court. We may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696, 698; Ford v. Panhandle & S. F. Ry. Co., 151 Tex. 538, 252 S.W. 2d 561, 562."

It was stipulated by the parties that Mr. Hickerson was the Director of Public Works for appellant; that Guava Avenue was a street within the city limits of Lubbock under the control and supervision of appellant, acting through Mr. Hickerson; that Guava Avenue was a paved street running north and south with cement curbing and guttering on the east side of the street but unpaved shoulder on the west side of the street; that Mr. Fair was an employee of appellant on all dates material to this suit; that Mr. Hudson was an employee of appellee and acting within the course of his employment at the time of the accident and that appellee was the owner of the crane carrier at the time of the accident.

■ The undisputed evidence shows the accident happened on the west edge or right-hand side of Guava Avenue, a paved street running north and south with an unpaved shoulder on the west side of such avenue which sloped to a slight bar ditch; that John Hickerson was the Director of Public Works for the City of Lubbock and in charge of all construction, maintenance and repair of the streets; that Mr. Hudson, an employee of appellee, was driving the crane carrier with the Rex Mixer attached at the time and place of the accident. Mr. Hudson testified that he was driving on the right edge of the pavement and that the right front wheel of the truck slipped off the pavement and slipped into the trench that had been covered up and that the truck went far enough into the trench that the rear wheel also went into the trench with the weight shifting to the right and the mixer was torn loose from the truck. The trench was five feet deep and about thirty inches wide. Hudson further testified that the trench was against the pavement.

**782**

and he could see where the ditch digging machine hit the gravel and asphalt. Hudson further testified there was nothing to indicate a filled up trench and that the surface of the shoulder gave no indication of such a trench but looked firm and substantial. Wade Fair, employee of appellant whose duty was to fill in the trench, testified he did fill in the trench but might not have packed it. The evidence shows the manner used by the City in filling trenches and packing so as to make the same safe for traveling over. The trench after being filled up was soft and would give under the weight of a man weighing 150 pounds. Fair also testified that when he filled up the trench in question on the shoulder, he knew that the shoulder was put there for traffic. There is much evidence showing the appellant had dug the trench in question and had filled it in and left it under such circumstances as to justify the jury in holding appellant negligent and such negligence was a proximate cause of the accident in question. Appellant's first and second points of error are overruled. Houston Natural Gas Corporation v. Pearce, Tex. Civ.App., 311 S.W.2d 899 (N.R.E.); Houston Belt & Terminal Ry. Co. v. Scheppelman, Tex.Com.App., 235 S.W. 206.

By appellant's third point it is contended the court erred in refusing to give appellant's requested special issue inquiring whether the City of Lubbock had any actual notice of any defect, if any, in the street at the time and place. It is undisputed that the City of Lubbock issued its working order directing the construction of the waterline in question and all the work was done by the City's employees and the City will be held to have notice. Willis v. City of San Antonio, Tex.Com.App., 280 S.W. 569; City of Grandview v. Ingle, Tex.Civ.App., 90 S.W.2d 855; City of Wichita Falls v. Williams, Tex.Civ.App., 342 S.W.2d 588. Appellant's third point of error is overruled.

By appellant's fourth point of error it is contended the court erred in rendering judgment for the appellee for the reason that the verdict was not supported by any evidence that the appellant was guilty of any act or omission of negligence with respect to the ditch in question. In considering and weighing all evidence in this case, we think, from what we have said above as to the evidence, it was sufficient to sustain the verdict of the jury. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Appellant's fourth point of error is overruled.

Judgment of the trial court is affirmed.

CHAPMAN, J., not participating.