**CITY OF WACO, Appellant,**

v.

**S. C. BUSBY, Appellee.**

No. 4383.

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1965.

Rehearing Denied Dec. 2, 1965.

Thomas R. Hunter, City Atty., Waco, for appellant.

Naman, Howell, Smith & Chase, George Chase, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendant City of Waco from a judgment against it in a negligence case.

Plaintiff Busby sued the City of Waco for damages for the negligence of its employees in destroying 2 floating type boathouses belonging to plaintiff. Plaintiff alleged the boathouses had been torn loose from their moorings on Lake Waco by heavy rains; that he was in the course of repairing them in preparation for returning them to their original moorings, when the employees of the City, under the direction of the Waterworks Superintendent, pulled the boathouses out of the lake, breaking them into pieces, and completely destroying them.

Trial was to a jury which acquitted defendant of removing boathouse #1 from the lake; and found in connection with boathouse #2:

1) Employees of the City of Waco removed boathouse #2 from the point it was lodged in Lake Waco.

2) In removing boathouse #2 from Lake Waco the employees of the City damaged or destroyed boathouse #2.

5) Employees of the City of Waco were negligent in the manner in which they attached the cable to boathouse #2.

6) Such negligence was a proximate cause of plaintiff's damages.

7) Employees of the City of Waco were negligent in pulling boathouse #2 onto the shore.

8) Such negligence was a proximate cause of plaintiff's damages.

9) Employees of the City of Waco did not exert more force than was required under the circumstances on boathouse #2 in pulling it from the lake.

12) Employees of the City of Waco failed to inspect boathouse #2 to determine whether it would float before attempting to remove it from the lake.

13), 14) Such failure was negligence, and a proximate cause of plaintiff's damages.

20), 21) Fixed the damages to boathouse #2 at $500.

The trial court rendered judgment on the verdict for plaintiff for $500.

Defendant City appeals, contending the trial court erred in holding the City liable because:

1) The action of the City in removing the boathouse from the lake was a governmental function.

2) There is material and fatal variance between the allegations of plaintiff's NOTICE OF CLAIM, and the proof.

3) There is a conflict between the answer to Issue 9, and the answers to Issues 5, 7 and 12.

■ We revert to defendant's 1st contention that the action of the City in removing the boathouse from the lake was a governmental function. It is undisputed that the employees of the City under the supervision of the Waterworks Superintendent pulled plaintiff's boathouse from Lake Waco with a winch truck and destroyed it. The record further reflects that the Waco Waterworks Superintendent is responsible for Lake Waco and that some of the waterworks' employees are assigned to Lake Waco to take care of the gates, filtration plant, and to pull trash out of the lake. The record reflects the use of the lake for waterworks and recreational pur-

poses. The maintenance of a waterworks by a City is a proprietary function and the City is liable for the negligent acts of its employees in connection with the furtherance of this activity. White v. City of San Antonio, Sup.Ct., 60 S.W. 426; City of Wichita Falls v. Lipscomb, CCA, W/E Ref., 50 S.W.2d 867; City of River Oaks v. Moore, CCA, (n. r. e.) 272 S.W.2d 389. If the City maintained the lake for more purposes than in connection with its waterworks, the acts of the employees were at least concurrently in furtherance of the waterworks' function along with other functions, and the City is liable for negligence of its employees acting in a concurrent governmental and proprietary capacity. City of Port Arthur v. Wallace, 141 Tex. 201, 171 S.W.2d 480. We think the City liable.

Defendant's 2nd contention is that there is a material and fatal variance between the Notice of Claim and the proof.

The Charter of the City of Waco provides that:

"The City shall not be held responsible on account of any claim for damages to any person or property unless the person * * * claiming such damages shall, within 30 days * * * file a statement under oath, as to the nature and character of such damages or injuries, the extent of same, and the place where same happened, the circumstances under which happened, the conditions causing same, with a detailed statement of each item of damages and the amount thereof * * *."

Plaintiff filed his claim under oath within the proper time, stating he was the owner of

"2 light stall boathouses which were moored to the west bank of Lake Waco just south of the old highway 6 bridge * * * flood caused the waters of said lake to rise to such an extent that the moorings * * * were broken loose and the boathouses were caused to be washed out into the lake. * * * On or about July 14, 1964 without notice to (Busby) * * * employees of the City under the direction of their superior attached a winch truck cable onto the said boathouses, and in an attempt to remove them from the lake, completely destroyed the said boathouses. * * * said boathouses had a value prior to the acts of the * * * employees of the City * * * of $2250 * * * and after the * * * employees of the City finished their task * * * had a value of zero * * *."

Plaintiff's proof showed that employees of the City caused the destruction of the boathouse by the intentional act of pulling it onto the shore from the lake. Defendant asserts that plaintiff failed to direct its attention with reasonable certainty to the place and injury complained of; that plaintiff's witness placed boathouse #2 on the north side of the bridge, but that no mention of the north side of the bridge is made in the Notice of Claim.

Where the description is such that the City is enabled to locate the place of the accident, the object of the charter provision is accomplished. City of Dallas v. Myers, CCA (n. w. h.) 64 S.W. 683. A statement is sufficient if it designates the place that men of common understanding and intelligence can, by the exercise of reasonable diligence, and without other information from the claimant, find with reasonable certainty the place where it is claimed the injury was received. Gardner v. City of Houston, CCA (n. w. h.) 320 S.W.2d 715; City of Wichita Falls v. Williams, CCA, (n. w. h.), 342 S.W.2d 588.

Under the record, we think the Notice sufficient, and that there is no material and fatal variance between the Notice and proof.

Defendant's 3rd contention is that there is a conflict between the jury's an-

swers to Issue 9 and Issues 5, 7 and 12. Issue 9 found that the employees of the City did not exert more force than was required under the circumstances in pulling the boathouse from the lake. Issue 5 found that the employees of the City were negligent in the manner they attached the cable to the boathouse; Issue 7 found that the employees were negligent in pulling the boathouse onto the shore; and Issue 12 found that the employees of the City failed to inspect the boathouse to determine if it would float before attempting to remove it from the lake (which was negligence).

There is no conflict in the issues.

All of defendant's points and contentions are overruled.

Affirmed.