## Kadushin v. Harsh

*James R. Leonard, Jr.*, for plaintiffs.
*Arnold, Bricker, Beyer & Barnes*, for defendants.

BUCHER, *J.*, January 10, 1975—The issue in this equity case is whether defendants are violating a restrictive covenant by having erected a wire fence on a portion of their property.

## FINDINGS OF FACT

1. Plaintiffs are Mortimer Kadushin and Shirley L. Kadushin, who own premises 125 Atkins Avenue, Lancaster, Pa.; Harold S. Moyer and Ruth L. Moyer, who own premises 127 Atkins Avenue, Lancaster, Pa.; Marshall Stoner and Violet M. Stoner, who own premises 131 Atkins Avenue, Lancaster, Pa., and John M. Sullivan and Rae W. Sullivan, who own premises 129 Atkins Avenue, Lancaster, Pa.

2. Defendants are Donald M. Harsh, Sr., and Gloria Jean Harsh, who own premises 133 Atkins Avenue, Lancaster, Pa.

3. Defendants acquired premises 133 Atkins Avenue, Lancaster, Pa., by virtue of a deed dated May 25, 1973, and recorded in the Office of the Recorder of Deeds in and for Lancaster County, Pa., in record book X, vol. 63, at p. 1014.

4. Plaintiffs' and defendants' properties are subject to the following covenant and restriction more

fully set forth in a deed from B. F. Barr et ux. to Paul H. Slaugh et ux. dated April 13, 1938, and recorded in record book P, vol. 33 at p. 46, to wit: "5. That no board fences shall be erected on any portion of the premises, that front or division fences or boundaries shall be of low hedge or bush plantings, but plain wire fences or hedges may be erected and maintained in the rear."

5. Defendants' lot of ground is rectangular in shape and measures 30 feet in front on Atkins Avenue and extends in an eastwardly direction, uniform in width, 110 feet. The residence occupies a portion of the lot nearest Atkins Avenue and the balance of the lot is a "rear yard."

6. During the first week of December 1973, defendants erected a wire fence on their property, east of their dwelling house.

7. The wire fence in question is rectangular in shape, the east and west sides being shorter than the north and south sides. The north and east sides are constructed on a portion of the boundary lines of defendants' property. The fence joins the house at the fence's western side.

8. The fence is in the rear of defendants' property.

9. The fence is commonly referred to as a "chain-link" fence and consists of wire or metal links connected to or fitted into one another and maintained in a perpendicular position by metal posts at convenient intervals. The fence is about four feet high and was constructed for the safety of defendants' children, who might otherwise fall off the southern end of the property, where a drop-off exists from the yard to a macadam driveway below.

## DISCUSSION

The applicable law in cases dealing with restrictive covenants has been frequently stated. In Jones v. Park Lane For Convalescents, Inc., 384 Pa. 268, 271-2, Chief Justice Stern for the Supreme Court said:

"In order properly to consider and determine the question involved it is important at the outset to have in mind the applicable legal principles that have been enunciated, frequently reiterated, and consistently applied, through a long succession of cases decided by this court. However variously phrased, they are, in substance, that restrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; that nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; that there are no implied rights arising from a restriction which the courts will recognize; that a restriction is not to be extended or enlarged by implication; that every restriction will be construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner."

The restriction in question is ambiguous and is susceptible of several interpretations: e.g., (1) that the word "rear" means the rear of the house or (2) rear of the lot or (3) rear boundary line or (4) that in no event shall a wire fence be placed on a boundary line except the rear boundary line or (5) that a wire fence may be placed on a boundary line so long as it is in the "rear" of the property.

The word "rear" has not been interpreted by any Pennsylvania court as far as we can determine. However, in Hinds v. Hinsdale, 80 N.H. 346, at 348, 116 A 635, 636, it is said that the word "rear"

is not a technical term but is to be construed by taking into consideration all the circumstances in the case and that "the court will consider what the persons to whom it was addressed would probably understand by it when viewing the premises and applying it to the situation."

In Crofton v. St. Clement's Church, 208 Pa. 209, a deed created a restriction against erecting a building on the "rear end" of a lot. The court held that the restriction was not violated by erecting a structure on a set-back line ten feet from a public street which abutted the "end" of the lot.

Plaintiffs do not seriously dispute that the structure is a "plain wire fence." Mrs Stoner, one of the plaintiffs, testified that "I call it a chain-link fence and it is not ornamental fencing but a practical fence. . . ." Webster defines the word "plain" as "lacking ornament."

In view of the court's disposition of this case, defendants' contention that there has been a change in the neighborhood has not been discussed.

In light of all the surrounding circumstances in this case and applying the well-settled principles of law on restrictive covenants set forth above, the court makes the following

## CONCLUSIONS OF LAW

1. The fence erected on defendants' property is not in violation of the restrictive covenant set forth in finding of fact no. 4.

2. The complaint ought to be dismissed.

3. Plaintiffs should pay the costs.

## DECREE NISI

And now, January 10, 1975, for the reasons set forth above, it is ordered, adjudged and decreed that the complaint be, and the same is, dismissed. Costs on the plaintiffs.